STATE v. CERTAIN APPURTENANCES USED IN SALE OF INTOXICATING LIQUORS (STEELE, Intervener).

No. 4323.    Opinion Filed May 18, 1916.

(149 Pac. 130.)

1.    **INTOXICATING LIQUORS—Seizure of Property—Construction of Statute—"Appurtenance."** The word "appurtenances," as used in section 10, art. 3, c. 69, Session Laws 1907-08, p. 606 (section 3617, Rev. Laws 1910, does not include money as property that may be seized.

2.    **INTOXICATING LIQUORS—Property Subject to Seizure—Money.** Section 10, art. 3, c. 69, Session Laws 1907-08, p. 606 (section 3617, Rev. Laws 1910), providing that "it shall be the duty of such officer, without warrant, to arrest the offender and seize the liquor, bars, furniture, fixtures, vessels, and appurtenances thereunto belonging so unlawfully used, * * *" does not legally authorize such officer in making such seizure to seize money.

(Syllabus by Collier, C.)

No. 5066.    Opinion Filed May 18, 1915.

*Error from County Court, Oklahoma County;*

*John W. Hayson, Judge.*

Proceeding by the State against certain paraphernalia and appurtenances used in the sale of intoxicating liquors, wherein C. S. Steele intervenes. From an adverse order, the State brings error. Affirmed.

*Charles West,* Atty. Gen., and *C. J. Davenport,* Asst. Atty. Gen., for the State.

*Harris & Nowlin,* for defendants in error.

COLLIER, C.  This is a proceeding by the plaintiff, state of Oklahoma, hereinafter styled the state, against certain liquor, paraphernalia, and appurtenances used in connection with the sale of intoxicating liquors, and C. S. Steele, hereinafter called defendant.  This proceeding was begun by a seizure of tubs, whisky bottles, beer glasses, roulette wheel, check rack containing checks, table with lay-out, and $138.25 in money, without warrant, by an enforcement officer, claiming that a violation of the prohibition law of the state had been committed in his presence.

Within the time provided by law C. S. Steele, defendant, intervened, as provided by section 6, c. 69, Session Laws 1907-08, as amended by section 10, p. 161, Session Laws 1910-11, claiming to be the owner of said roulette wheel, rack containing checks, table with lay-out, and said money.  Defendant testified that he did not own the whisky, bottles, tubs, and beer glasses seized; that he did not have anything to do with the same; that he owned said rack containing checks, the roulette wheel, the table with lay-out, and the money that was seized; that said check stand containing checks, roulette wheel, and table were in a different room from that in which the other property was when seized; that neither of said articles owned by him was ever used by him for the sale, giving away, or otherwise furnishing intoxicating liquors.  There was no evidence offered by the state to contradict this testimony of said defendant, except the *prima facie* case made by the seizure, or to show that the money seized was ever used or in any way connected with a violation of the prohibition laws of the state.

Upon a hearing of said cause, the court ordered said roulette wheel, racks with checks, and table with lay-out destroyed, and that the $138.25 be returned to defendant, C. S. Steele.  This appeal is prosecuted by the state from that part of said order of the court directing the return of said money to defendant.

A motion to dismiss this appeal has been filed, upon the

ground that the case-made was not served within the time allowed by order of the court. An examination of the record discloses the fact that defendants' motion is not well taken, and the same is therefore denied.

Many assignments of error are urged, but it is thought necessary to consider only the assignment of error raising the question as to whether or not the money seized was a part of the appurtenances used in violation of the prohibition statute and was subject to seizure and condemnation. It is so clear that the word "appurtenances," as used in said section 10, *supra*, does not include money, that a citation of authorities in support of same is deemed unnecessary. As it does not appear that money is included in the property that may be seized under said section 10, or that the money seized in this case was in any way used or connected with the violation of the prohibition laws of the state, the official making the seizure had no authority in law to seize said money, and the court did not err in directing that said money so seized be returned to defendant.

In view of the law as expressed by us, "that money is not included in the property which an officer is authorized to seize in connection with a seizure of property involved in a violation of the prohibition laws of the state," we do not feel it necessary to consider the many other questions raised by this appeal, and as to same we express no opinion.

There being no error in the order of the court appealed from directing the return of said money to defendant, this cause should be affirmed.

By the Court: It is so ordered.